# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| MATTHEW S. GORDON II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-01070-JES-JEH |
| | ) |
| DISCOVER BANK, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION

This case comes before the Court on Defendant's Motion to Dismiss (Doc. 5). Because the Court has determined that the action fails to state a claim upon which relief may be granted, the Motion to Dismiss is GRANTED and the case is DISMISSED with prejudice.

Plaintiff filed his Complaint in McClean County Circuit Court on January 22, 2019. Plaintiff alleges that Defendant had "falsely stated that they were owed a debt in the amount of $1,320.69." Doc. 1, Ex. A. According to Plaintiff, Defendant violated the Fair Credit Reporting Act ("FCRA") by falsely reporting the debt and continuing to report the debt to credit bureaus. *Id.* On March 4, 2019, Defendant filed a Notice of Removal removing this case from McLean County Circuit Court due to the federal jurisdiction conferred under the Fair Credit Reporting Act. On March 13, 2019, Defendant filed a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

On October 31, 2016, prior to filing the Complaint, Defendant brought a collection action against Plaintiff in McLean County Circuit Court: *Discover Bank v. Gordon,* Case No. 2016-SC-001747. On November 18, 2016, the state court entered a default judgment against Gordon in the amount of $1,320.69 and court costs. Doc. 6, Ex. B. Plaintiff filed a motion to vacate the

judgment in November 2018, which the McLean County Circuit Court denied. Doc. 6, Ex. C. Plaintiff claims that he found information proving that he did not owe the money. He then sent letters to three consumer reporting agencies claiming that his credit report was inaccurate. He also sent a letter to Defendant claiming that the account was not his and requesting an investigation. See Doc. 9, Exs. B and C. All three consumer agencies responded that Defendant confirmed the debt was Plaintiff's. Plaintiff claims that Defendant has not given him evidence or documentation about Defendant's investigation into Plaintiff's debt. Doc. 9, p. 3. Plaintiff claims that continued reporting of this debt, which he claims is incorrect, is in violation of the Fair Credit Reporting Act and that Defendant's actions constitute negligent misrepresentation and defamation. Doc. 1, Ex. A.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where an action fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'— 'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

First, Plaintiff bases his claim against Defendant on Defendant's failure to report his information accurately under 15 U.S.C. §1681s-2(a). This section of the FCRA imposes a duty upon furnishers of credit information to provide accurate information to consumer reporting agencies. In sections 1681n and 1681o, the FCRA allows for civil action for willful or negligent

representation. However, these two sections do not apply to section 1681s-2(a) under section 1681s-2(c)(1). Additionally, the Seventh Circuit ruled in *Purcell v. Bank of America* that there is no private right of action against a furnisher for inaccurate reporting. *Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011). Pursuant to *Purcell*, Plaintiff does not have a claim against Defendant for the failure to report accurately, even if we are to assume the allegations as true. Plaintiff's only legal recourse under the FRCA against this Defendant is to submit his claim to federal officials and agencies and state officials identified in section 1681s. 15 U.S.C. § 1681s-2(d).

Secondly, Plaintiff alludes to another duty in his complaint but does not directly address the issue. Under the FCRA, Defendant has the duty to investigate disputed information and report the results of the investigation to consumer reporting agencies. 15 U.S.C. § 1681s-2(b)(1). This section of the FCRA does provide a private right of action under sections 1681n and 1681o, as it is not limited under section 1681s-2(c). 15 U.S.C. § 1681s-2(c). As Plaintiff has not actually alleged this specific claim, the Court does not need to decide this issue.

However, if the Court were to address this claim, it would not be facially plausible. Plaintiff claimed that the debt was wrong and notified the credit reporting agencies that it should not be on his credit reports. The credit reporting agencies contacted Defendant, and Defendant replied timely that the debt was in fact accurate. The debt reported is the exact debt Plaintiff owed to Defendant as confirmed by the McLean County Circuit Court ruling in 2016. Plaintiff claims that the McLean County Court decision is not evidence that the debt is correct because it was a default judgment. Plaintiff also filed a state court motion to vacate the judgment two years after the entry of the judgment, which was promptly denied because it was outside of the required thirty-day window. Plaintiff claims that he has evidence that the debt is not his. But by

failing to contest the debt in the state court proceeding, he is estopped from doing so here. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 431 (7th Cir. 2009). The Court therefore would dismiss this claim even if it had been raised.

Finally, Plaintiff claims that Defendant committed negligent misrepresentation and defamation against him by allegedly reporting an inaccurate debt. Even accepting this allegation as true, the FCRA preempts any form of state law, statutory or common, that relates to "the responsibilities of persons who furnish information to consumer reporting agencies" under section 1681s-2. 15 U.S.C. § 1681t(b). While the Court dismisses the FCRA claims outright, the Court would also dismiss all state law claims with prejudice pursuant to *Purcell. Purcell,* 659 F.3d at 624–26.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (Doc. 5) is GRANTED, as Plaintiff has no private right of action under the FCRA for his 15 U.S.C. § 1681s-2(a) claim. Plaintiff's state law claims are also DISMISSED as they are preempted under 15 U.S.C. § 1681t(b). As leave to amend would be futile to correct these deficiencies, the case is dismissed with prejudice. This matter is now terminated.

Signed on this 11th day of July, 2019.

/s James E. Shadid
James E. Shadid
United States District Judge